

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| TECHNICAL INDUSTRIES, INC. | CIVIL ACTION NO. 05-1249 |
| VS. | JUDGE HAIK |
| JEFFREY S. BANKS | MAGISTRATE JUDGE METHVIN |

## RULING ON MOTION FOR PROTECTIVE ORDER
*(Rec. Doc. 27)*

Before the court is the motion for protective order filed by defendant Jeffrey S. Banks ("Banks") October 24, 2005.[1] The motion is opposed by plaintiff Technical Industries, Inc. ("TIC").[2]

*Factual and Procedural Background*

TIC is in the business of inspecting oilfield pipes and equipment. On July 14, 2005, TIC filed suit against Banks, its former employee, seeking a temporary retraining order and preliminary and permanent injunctions in connection with Banks' alleged misappropriation of TIC's confidential, proprietary, and/or trade secret information, copyright violations, and failure to return property belonging to the company. TIC specifically alleges that Banks violated and continues to violate certain non-disclosure and non-compete agreements that he signed as a condition of his employment with TIC.

On July 15, 2005, the district judge issued a temporary restraining order against Banks, enjoining Banks from disseminating, destroying, or otherwise changing any and all confidential,

---

[1] Rec. Doc. 27.

[2] Rec. Doc. 32.

proprietary, and/or trade secret information belonging to TIC, and from contracting with any person or corporation which would be violative of the non-compete and non-disclosure agreements he executed, until such time as the court could hold a hearing on TIC's request for a preliminary injunction and issue a final ruling.[3]

On August 3, 2005, the district judge conducted a hearing on the request for preliminary injunction, and, thereafter, took the matter under advisement.[4]

On October 24, 2005, Banks filed the instant motion for protective order. On November 16, 2005, the undersigned magistrate judge held a telephone conference to hear oral argument on the motion.[5] Banks sought to quash a notice of deposition which TIC served on him on October 14, 2005, setting a deposition on November 17, 2005. Prior to the telephone conference, the undersigned notified counsel that the motion to quash the deposition would be granted inasmuch as Banks was not currently in the country and the deposition was not scheduled by mutual agreement. Banks stated in his motion for protective order that he is living and working outside the United States and does not know when he will return to the United States. Banks also challenged the relevancy and scope of certain requests for production of documents attached to the notice of deposition.

After consideration of the briefs and the arguments presented, the undersigned quashed Banks's deposition and further ordered that all discovery in this matter – including the issue of document production in connection with Banks's deposition – be stayed pending the issuance of

---

[3] Rec. Doc. 4.

[4] Rec. Doc. 5.

[5] Rec. Doc. 37.

the district judge's final ruling on the motion for preliminary injunction.

On March 3, 2006, the district judge granted TIC's motion for preliminary injunction and extended the terms of the temporary restraining order, with certain limitations which are detailed in the ruling.[6] Therefore, the issues raised in the motion for protective order are now ripe for consideration.

### *Motion for Protective Order*

Banks argues that the documents requested by TIC in connection with his deposition are overbroad in that they seek information "far beyond the scope of the noncompetition provisions of the agreements at issue in this ligation." For instance, Banks objects to producing "all information concerning pipe inspection," inasmuch as he contends that he is not prohibited from engaging in the pipe inspection business. He also objects to producing his personal financial information.

After review of the requests, the undersigned concludes that all of the requests except Requests No. 3(d), (e), and (f) seek relevant, discoverable information and that Banks shall produce responsive documents to them.

Request No. 3 seeks the following:

Any and all records disclosing places to which Banks has traveled, including but not limited to:

a. The city, state and/or country;
b. Copy of passport;
c. Copies of all visas;
**d. Any meeting(s) held at any of the destinations;**
**e. The name, address and telephone number of each person Banks met with including the name, address and telephone number of his/her**

---

[6] Rec. Doc. 40.

  employer;
- f. **Whether pipe inspection was discussed with any of the individuals, and if so, the substance of said discussions, including but not limited to, pipe inspection apparatus, methods and/or services; and/or**
- g. Whether provision of pipe inspection apparatus, methods and/or services to that person or that person's principal (including but not limited to, the employer(s) of that person), and if so, by whom said apparatus, methods and/or services were proposed to be provided.

As the undersigned indicated at the conference, Requests Nos. 3(d), (e), and (f) are overbroad in that they are not tailored to meetings *relating to pipe inspections,* persons *with whom pipe inspections were discussed*, and the substance of discussions *relating to pipe inspections*. With the foregoing revisions, however, these requests seek relevant, discoverable information. Considering the foregoing,

**IT IS HEREBY ORDERED** that Banks's motion for protective order is **GRANTED IN PART**. Banks shall produce documents responsive to all of the requests as written, except for Requests Nos. 3(d), (e), and (f), at his deposition. With respect to Requests Nos. 3(d), (e), and (f), Banks shall produce responsive documents to the requests as tailored herein:

- d. Any meeting(s) *relating to pipe inspection* held at any of the destinations;
- e. The name, address and telephone number of each person Banks met with *to discuss pipe inspections,* including the name, address and telephone number of his/her employer;
- f. The substance of said discussions *regarding pipe inspections*, including but not limited to, pipe inspection apparatus, methods and/or services.

**IT IS FURTHER ORDERED** that Banks shall appear in the United States for a deposition within thirty days of the issuance of the date of this ruling, unless the parties mutually agree otherwise.

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana on March 13th, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT
DATE 3/13/06
BY [initials]
TO MEM

fax: Jones, Lemoine, Atkinson, Balhoff